FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   FEB 28 2018   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

POWER UP LENDING GROUP, LTD.

                   Plaintiff,

      -against-

GROW SOLUTIONS HOLDINGS, INC.,

                 Defendants.

------------------------------------------------------------- x

Civil Action No.:

**FEUERSTEIN, J.**

**LOCKE, M. J.**

**CV18  1282**

COMPLAINT

Plaintiff, Power Up Lending Group, Ltd. ("Plaintiff"), files this Complaint and alleges the following:

### I. SUMMARY

1.     Plaintiff brings this action for equitable relief and damages caused by violations of the antifraud provisions of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder, as well as breaches of contract and tortious misconduct by Grow Solutions Holdings, Inc. ("the Defendant"). Through this action, Plaintiff seeks to recover losses caused by the Defendant's intentional and/or reckless misconduct, including compensatory damages, which losses may only be avoided if the relief described herein below is granted.

2.     That Plaintiff was an investor in the Defendant and was well-known to the Defendant. Plaintiff's business strategy at the time of the stock purchases and loans and issuance of notes at issue was to invest in publicly-traded, nano-cap companies whose securities are traded on the Over the Counter Bulletin Board, OTCQB and the "Pink Sheets." Nano-cap companies, such as the Defendant, are often capital-constrained, as their low market

capitalization hinders their access to banks or investment firms.  Plaintiff provides capital to such companies, as an investment in return for shares purchased at a discount to market price.

3.     That Plaintiff invested $125,000 in the Defendant by purchasing securities directly from the Defendant and making loans thereto, and has sustained damages in excess of $100,000, exclusive of attorney's fees, pre-judgment interest and costs.

## II.     JURISDICTION AND VENUE

4.     This action arises under the anti-fraud provisions of the Securities Exchange Act of 1934 (15 U.S.C. §78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 C.F.R. §240.10b-5). The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa). Defendant, directly and indirectly, singly or in concert, made use of the means and instrumentalities of interstate commerce, the means and instruments of transportation and communication in interstate commerce, or of the mails in connection with the acts, practices and courses of conduct alleged in this Complaint, certain of which occurred within the Eastern District of New York.

5.     Venue is proper in this court pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b), because certain of the transactions, acts, practices, and courses of conduct constituting violations of duties established by the Federal Securities Laws occurred within this judicial district.  Additionally, Plaintiff transacts business and maintains its principal place of business in this district. Jurisdiction is also invoked pursuant to 28 U.S.C. §1332 as there is complete diversity between the parties and there is more than $75,000 at issue. In addition, the parties have agreed to jurisdiction and to place venue for this action in the State of New York, County of Nassau.

6.     That in connection with the acts alleged in this Complaint, the Defendant directly or indirectly used the means and instrumentalities of interstate commerce, including, but not

limited to, the mails, interstate telephone communications and the facilities of the national securities markets.

### III. PARTIES

7.      That at all times relevant herein, Plaintiff has been and remains a corporation organized and existing under the laws of the State of New York with an office for business in the County of Nassau, not engaged in the banking business.  That as a result the Plaintiff is a citizen of the State of New York.

8.      That at all times relevant herein, the Defendant has been and remains a corporation organized and existing under the laws of the State of Nevada, with an office for business in the State of Colorado, County of Denver. That as a result the Defendant is a citizen of the State of Colorado. Accordingly, there is complete diversity between the parties.

### IV.     FACTUAL ALLEGATIONS

9.      That heretofore and from time to time, the Defendant has made material misrepresentations of fact to Plaintiff, knowing that such misrepresentations were false, and upon which Plaintiff relied and was damaged.

10.      That as a result of these material misrepresentations, Plaintiff invested $125,000 in the Defendant and sustained damages thereby.

### AS AND FOR A FIRST CAUSE OF ACTION
### PROMISSORY NOTES DEFAULTS

11.      Plaintiff  repeats and realleges each and every allegation contained in paragraphs 1 through 10 of this Complaint with the same force and effect as if fully set forth at length herein.

12.      That on or about January 19, 2017, the Defendant, as borrower, made, executed and delivered to Plaintiff a convertible promissory note ("the Note") in the amount of

$125,000.00, which Note was issued pursuant to a Securities Purchase Agreement ("the Agreement") of even date, which provided for certain issuance of, and conversion rights in and to the common stock of the Defendant.

13.    That the Agreements between the parties provided that venue for any action between the parties would be the State of New York, County of Nassau.

14.    That in the Note, the Defendant: (i) granted Plaintiff the right to convert all or any part of the outstanding and unpaid principal amount and accrued interest of the Note into fully paid and non-assessable shares of common stock of the Defendant; and (ii) agreed that an Event of Default of the Note shall occur upon the failure of the Defendant to timely issue shares of common stock of the Defendant to Plaintiff upon receipt of a conversion notice delivered pursuant to the Note.  That in order to effectuate the conversion process, the Note also provided that the failure of the Defendant to comply with the reporting requirements of the Exchange Act would also be a material event of default.

15.    That effective March 31, 2017 the Defendant fell into default by failing to comply with the said reporting requirements and specifically failing to file a form 10K for the year ending December 31, 2016.  That as a result of this default in April 2017, a Notice of Default was served by Plaintiff's counsel upon the Defendant.  This default was never cured.  A copy of the Notice of Default is annexed hereto and incorporated herein by reference as Exhibit "A".

16.    That the Defendant has willfully and unlawfully refused to take such steps as are necessary to comply with the reporting requirements of the Exchange Act and thus is in default under both the Note, and the Agreement which defaults have never been cured and which have prevented conversions from taking place, thus totally frustrating and thwarting the purpose of the subject transaction.

17.     That by virtue of the foregoing, the Defendant is in default under the Note and is also in default under the Agreement, and no such defaults have been cured.

18.     That the Defendant has not cured the default thereby causing damages to Plaintiff in an amount to be determined by the Court but not less than an amount equal to the existing and remaining principal balance under the Note, which is calculated as $125,000 together with an additional $62,500 that is due as a result of the default, plus accrued interest of $2,246.57 and default interest of $8,476.03 for a total due of $198,222.60 as of June 30, 2017.  These additional damages arise from the fact that the Note expressly provides that in the event of an uncured default, the obligor will be responsible for payment of one and a half times (150%) of the amount of the principal balance then due as liquidated damages and not as a penalty.

19.     That by letter agreement dated June 30, 2017, the Defendant acknowledged and confirmed that it was in default as aforesaid and that the amount due Plaintiff was $198,222.60 as of June 30, 2017.  The Plaintiff had agreed to forego collection efforts provided that the Defendant make the payments required under the letter agreement on a timely basis.  However, the Defendant defaulted yet again and thus, the full amount as reflected therein is due and owing. A copy of the letter agreement is annexed hereto and incorporated herein by reference as Exhibit "B".

20.     That the Defendant has caused damages to Plaintiff in an amount to be determined by the Court but not less than an amount equal to $198,222.60 together with applicable interest thereon from June 30, 2017, and the Plaintiff demands judgment accordingly. That no part of the amount due has been paid despite due demand.

## AS AND FOR A SECOND CAUSE OF ACTION
### FRAUD IN THE INDUCEMENT

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth at length herein.

22.     That Plaintiff made an investment in the aggregate amount of One Hundred Twenty Five Thousand Dollars ($125,000.00) in the Defendant as a result of the foregoing transactions and as a result of the Defendant's defaults and intentional wrongdoing has not received any payment of principal or interest on the Note other than as stated above, and has also been deprived of its rights and opportunities to convert the debt into Conversion Shares as aforesaid.

23.     That Plaintiff's willingness to assent to the terms of the investment and the Note, and the investment itself, was caused by the fraudulent misrepresentations of the Defendant contained within the Note and Agreement and confirmed by resolutions of the Board of Directors and Officers Resolutions of the Defendant including but not limited to the representations that the Defendant would not fail to comply with the reporting requirements, which misrepresentation was the most crucial and important of all because it was always the bargained for expectation of Plaintiff and the intention of the parties that the repayment of the Note would occur via the conversion process.

24.     That upon information and belief, the Defendant made the foregoing misrepresentations with the knowledge that Plaintiff would rely thereon, and that the Defendant had no intention to honor its obligations under the Note and the Agreement.

25.     That as a result of the foregoing, Plaintiff has been irreparably harmed.

26.     That the Defendant's actions have caused damages to Plaintiff in an amount to be determined by the Court but not less than an amount equal to $125,000 together with applicable interest thereon, and Plaintiff demands judgment accordingly.

**AS AND FOR A THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT – LOST PROFITS**

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if fully set forth at length herein.

28.     That as a direct result of the defaults of the Defendant and its failure to abide by its contractual obligations, Plaintiff has been deprived of, and continues to be deprived of, the opportunity to acquire and to sell the common stock of the Defendant at a profit, which profits have been irretrievably lost as the markets for the common stock can no longer be recreated.

29.     That by reason of the foregoing, Plaintiff is entitled to judgment in an amount to be determined by the Court and equal to the lost profits that Plaintiff would have realized had the stock been made available and delivered to Plaintiff in accordance with its Conversion Notice.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**BREACH OF CONTRACT – LITIGATION EXPENSES**

30.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth at length herein.

31.     That the Agreements provide that in the event of a dispute and/or litigation between the parties, the prevailing parties shall be entitled to recover all of its litigation expenses including reasonable attorney fees.

32.     That by reason of the foregoing, Plaintiff is entitled to a judgment against Defendant for the reasonable legal fees and litigation expenses paid or incurred in this action.

## AS AND FOR A FIFTH CAUSE OF ACTION FRAUD:
## VIOLATIONS OF SECTION 10(b) of the EXCHANGE ACT
## [15U.S.C. §78j(b) and Rule 10(b)-5b THEREUNDER [17 C.F.R.§240.10b-5 (b)]

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth at length herein.

34.     That through the foregoing conduct, the Defendant, knowingly and recklessly, engaged in manipulation and deceptive conduct in connection with a securities transaction in violation of 15U.S.C. §78j(b) and the Rules and regulations promulgated thereunder, by failing to disclose and misrepresenting the true nature of its intentions as set forth above.

35.     That the Defendant further engaged in knowing manipulation and deceptive conduct by directly representing and warranting that the Defendant would honor its obligations pursuant to the Note and Agreement when in truth and in fact had no intention to do so.

36.     That in reliance on the foregoing misrepresentations and material omissions by the Defendant, Plaintiff was induced to purchase the Defendant's securities and to make loans to the Defendant as aforesaid.

37.     That as a direct and proximate result of the Defendant's conduct, Plaintiff suffered damages, in an amount to be determined by the Court, for not less than $125,000.

WHEREFORE, PLAINTIFF  demands judgment against Defendants as follows:

(i)     For $198,222.60 on the First Cause of Action;

(ii)    For $125,000 on the Second Cause of Action;

(iii)   For an amount of lost profits to be determined by the Court but in no event less than $125,000 on the Third Cause of Action;

(iv)    Awarding Plaintiff  its reasonable legal fees and costs of litigation on the Fourth Cause of Action;

(v)     For an award of consequential damages in an amount to be determined by the Court but no less than $125,000 on the Fifth Cause of Action;

(vi)    Together with the costs and disbursements of this action; interest at the rate of default as set forth in the Note; pre-judgment interest as provided by statute, and such other and further relief as the Court may deem just and proper.

Dated:  Great Neck, New York
        February 28, 2018

NAIDICH WURMAN LLP

By: _____
    Richard S. Naidich, Esq. (RSN 4102)
    111 Great Neck Road, Suite 214
    Great Neck, NY 11021
    Telephone:   516-498-2900
    Facsimile:   516-466-3555
    Attorneys for Plaintiff

Exhibit A

**CZARNIK & ASSOCIATES**
245 Park Avenue
39th Floor
New York, New York 10167

Stephen J. Czarnik, Esq.
tel. (212) 961-7950
fax.(212) 658-9915
sczarnik@czarnikco.com

April 22, 2017

**VIA Email: jeffbeverly@growsolutionsinc.com**

GROW SOLUTIONS HOLDINGS, INC.
1111 Broadway - Suite 406
Denver, CO 80203
Attention:     Jeffrey Beverly
               President

     **RE:**     **Power Up Lending Group Ltd. – Convertible Promissory Note**

Mr. Beverly:

As you are aware, I am special counsel to Power Up Lending Group Ltd. ("PowerUp"). Your firm, GROW SOLUTIONS HOLDINGS, INC. (the "Company"), is the maker of a Convertible Promissory Note (the "Note") dated January 19, 2017, in favor of PowerUp wherein, pursuant to the Note, PowerUp loaned to the Company One Hundred Twenty Five Thousand Dollars (125,000.00). In connection with the transactions contemplated by the Note, the Company also executed other documents including but not limited a Securities Purchase Agreement, Share Reverse Letter and Officers Certificate.

As you are aware, the Company has failed to file its Form 10-K for the period ending December 31, 2016 (the "Filing") and thus has failed to comply with the Securities Act of 1934, as amended.

Section 3.9 of the Note provides the following as an Event of Default (as such term is defined in the Note):

> "3.9 Failure to Comply with the Exchange Act. The Borrower shall fail to comply with the reporting requirements of the Exchange Act; and/or the Borrower shall cease to be subject to the reporting requirements of the Exchange Act."

I have been advised that PowerUp is willing to waive this default if the Company can provide sufficient further assurances to PowerUp and I with respect to the Filing and the Filing is made with the Securities and Exchange Commission in short order. Please contact me to discuss the foregoing and to avoid the default.

*GROW SOLUTIONS HOLDINGS, INC.*
*April 24, 2017*
*Page 2 of 2*

Your failure to comply with the demand of this letter will result in PowerUp, exercising all of its rights and remedies available to it at law or in equity.

I look forward to your immediate response.

Regards,

cc:    Mr. Curt Kramer
       Chief Executive Officer
       Power Up Lending Group Ltd.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK      Civil Action No.:

POWER UP LENDING GROUP, LTD.,

                 Plaintiff,

       -against-

GROW SOLUTIONS HOLDINGS, INC.,

                 Defendant.

---

## SUMMONS AND COMPLAINT

---

**NAIDICH WURMAN LLP**
**ATTORNEYS FOR PLAINTIFF**
**111 GREAT NECK ROAD - SUITE 214**
**GREAT NECK, NEW YORK 11021**
**(516) 498-2900**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: February 28, 2018            Signature: _____
                                     Print: Richard S. Naidich, Esq.

Service of a copy of the within      is hereby admitted.
Dated:
                                   Attorney(s) for _____

---

PLEASE TAKE NOTICE

**NOTICE**
**OF ENTRY**      that the within is a (certified) true copy of an Order entered in the office of the clerk of the within named Court on        , 20____ .

**NOTICE OF**      that an Order of which the within is a true copy will be presented for
**SETTLEMENT** settlement to the Hon.            , one of the judges of
                 within named Court, at            on      , 20____ at
                 a.m.

DATED: Great Neck, New York
             February 28, 2018            NAIDICH WURMAN LLP
                                         Attorneys for Plaintiff
                                         111 Great Neck Road - Suite 214
                                         Great Neck, New York 11021
                                         (516) 498-2900